# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **DR. JOYCE BROWN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **VS.** ) | **No. 3:11-cv-00980** |
| ) | **JURY DEMAND** |
| **CVS PHARMACY, INC., K MART** ) | **JUDGE TRAUGER** |
| **CORPORATION, WALGREEN CO., and** ) | |
| **WAL-MART STORES EAST, LP,** ) | |
| ) | |
| **Defendants.** ) | |

## AGREED PROTECTIVE ORDER
## REGARDING CONFIDENTIAL INFORMATION

It appears to the Court that the parties have requested documents from each other containing confidential, personal, and proprietary information, the release of which could harm the parties, and that good cause exists for entering this protective order.

It further appears to the Court that it is agreed by the parties, as evidenced by the signatures of their respective counsel below that, and it is ORDERED that, the documents and written materials provided by the parties to each other in this dispute (including responses to discovery requests) shall be subject to the following conditions

1.  The Protective Order shall govern all materials deemed to be "Confidential Information." Such Confidential Information shall include the following:

(a) Any and all documents referring or related to confidential and proprietary human resources or business information; financial records of the parties; compensation of Defendants' current or former personnel; policies, procedures, and/or training materials of Defendants; and/or Defendants' organizational structure;

(b) Any documents from the personnel, medical, or workers' compensation file of any current or former employee or contractor;

(c) Any documents relating to the medical and/or health information of any of Defendants' current or former employees or contractors;

(d) Any portions of depositions (audio or video) where Confidential Information is disclosed or used as exhibits.

2. A party producing documents or electronically stored information (ESI) that it believes constitute or contain Confidential Information shall produce copies bearing the designation "CONFIDENTIAL." The parties will use their best efforts to limit the number of documents designated Confidential.

2.1. Any party may designate deposition testimony and exhibits thereto as Confidential. The court reporter shall be instructed to separately bind that portion of the deposition transcript and exhibits labeled as Confidential. With respect to any depositions that involve a disclosure of Confidential Information of a party to this action, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that

portions of the transcript are to be designated CONFIDENTIAL, which period may be extended by agreement of the parties. No such deposition transcripts shall be disclosed to any individual other than the individuals described in Paragraphs 4(a), (b), (c), (d), and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraphs 4(a), (b), (c), and (d) during the thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as CONFIDENTIAL, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript.

2.2 Tangible Storage Media or Devices. In the case of disks, tapes, CD-ROMs, DVDs and other tangible storage media or devices, labeling, stamping, or marking the outside of such disk, tape, CD-ROM, DVD, or other medium or device with the legend CONFIDENTIAL shall have the effect of designating the entire contents of such disk, tape, CD-ROM, DVD, or other medium or device, and all data stored thereupon, as Confidential.

3. Confidential Information shall be held in confidence by each qualified recipient to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any business purpose, and shall not be disclosed to any person who

is not a qualified recipient. All produced Confidential Information shall be carefully maintained so as to preclude access by persons who are not qualified recipients.

    4. Qualified recipients shall include only the following:

        (a) Outside law firms that have appeared for each party in this action and the secretarial, clerical, and paralegal staff of each;

        (b) Deposition notaries, court reporters, and/or stenographers;

        (c) Persons other than legal counsel who have been retained or specially employed by a party as an expert witness for purposes of this lawsuit or to perform investigative work or fact research; and

        (d) Deponents during the course of their depositions, but not outside of their depositions.

    5. Due to the proprietary value of said Confidential Information, counsel for the parties shall not allow their clients to have copies of Confidential Information and shall preclude access to Confidential Information by their respective clients.

    6. Each counsel shall be responsible for providing notice of the Protective Order and the terms therein to persons to whom they disclose "Confidential Information," as defined by the terms of the Protective Order.

Persons to whom Confidential Information is shown shall be informed of the terms of this Order and advised that its breach may be punished or sanctioned as contempt of the Court. Such

deponents may be shown Confidential materials during their deposition but shall not be permitted to keep copies of said Confidential materials nor any portion of the deposition transcript reflecting the Confidential Information.

If either party objects to the claims that information should be deemed Confidential, that party's counsel shall inform opposing counsel in writing within thirty (30) days of receipt of the Confidential materials that the information should not be so deemed, and the parties shall attempt first to dispose of such disputes in good faith and on an informal basis. If the parties are unable to resolve their dispute, they may present a motion to the Court objecting to such status. The information shall continue to have Confidential status during the pendency of any such motion.

7. No copies of Confidential Information shall be made except by or on behalf of attorneys of record. Any person making copies of such information shall maintain all copies within their possession or the possession of those entitled to access to such information under the Protective Order.

8. All information produced in this action, whether deemed Confidential or not, shall be used only for purposes of this litigation and not for any other purpose.

9. The termination of this action shall not relieve the parties and persons obligated hereunder from their

responsibility to maintain the confidentiality of information designated confidential pursuant to this Order.

10. Within thirty (30) days of the final adjudication or resolution of this Lawsuit, each party receiving Confidential Information shall return all Confidential Material, including all copies and reproductions thereof, to counsel for the designating party.

11. Nothing in this Order shall be construed as an admission as to the relevance, authenticity, foundation, or admissibility of any document, material, transcript, or other information.

12. Nothing in this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, a modification of this Order.

**IT IS SO ORDERED.**

Entered this __12th__ day of _____June_____, 2012.

_____
**JUDGE**

**APPROVED FOR ENTRY:**

s/ Allen Woods
_____
Allen Woods, No. 23103
Michelle Denise Reid, No. 29896
Law Office of Woods and Woods
P. O. Box 128498
Nashville, TN 37212
(615) 321-1426
Attorneys for plaintiff

s/ Maria T. de Quesada
G. Andrew Rowlett, No. 16277
Maria T. de Quesada, No. 24389
HOWELL & FISHER, PLLC
Court Square Building
300 James Robertson Parkway
Nashville, TN 37201-1107
(615) 244-3370
Attorneys for Wal-Mart Stores East, LP



s/ Barry L. Howard
Barry L. Howard, No. 5887
HOWARD, TATE, SOWELL, WILSON, LEATHERS & JOHNSON
150 Second Avenue North, Suite 201
Nashville, Tennessee  37201
(615)256-1125
Attorney for Tennessee CVS Pharmacy, Inc.



s/ Anthony M. Noel
Anthony M. Noel, No. 18828
Joey C. Johnson, No. 25484
LEITNER, WILLIAMS, DOOLEY & NAPOLITAN, PLLC
414 Union Avenue Street, Suite 1900
Nashville, Tennessee  37219-1782
(615) 324-2746
Attorneys for K-Mart Corporation



s/ Marc O. Dedman
Marc O. Dedman, No. 14044
Darrick L. O'Dell, No. 26883
SPICER RUDSTROM, PLLC
414 Union Avenue Street, Suite 1700
Nashville, Tennessee  37219
(615)259-9080
Attorneys for Walgreen Co.